**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL JACKSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV-08-602-M |
| | ) |
| **GREG PROVINCE,** | ) |
| | ) |
| **Respondent.** | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner presently incarcerated at Dick Conner Correctional Center, located in Hominy, Oklahoma, and appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary action and the revocation of earned credits.[1] In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[2] For the reasons set forth herein, it is recommended that the petition be dismissed without prejudice to Petitioner's refiling it in the proper forum.

Petitioner states that he is challenging a disciplinary proceeding which resulted in the revocation of 365 earned credits. He asserts that the disciplinary hearing was unduly delayed without his consent and that the misconduct report should therefore be dismissed.

---

[1] Petitioner has titled his initial pleading, "Petition for Removal Pursuant to 28 U.S.C. § 1446(b) & 28 U.S.C. § 2241. Because removal under § 1446 does not apply to a state prisoner's habeas action, this matter is construed as a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2009).

[2] Rule 4 may be applied, in the Court's discretion, to action brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Discussion

This court has an independent duty to inquire into its own jurisdiction. *Phelps v. Hamilton*, 122 F.3d 1309, 1315-16 (10th Cir. 1997). The record in this case shows that Petitioner has failed to allege any basis upon which this habeas action may be brought in this Court. According to the petition, Petitioner is currently and was at the time he filed this action incarcerated at Dick Conner Correctional Center, Hominy, Oklahoma, which is located in Osage County, within the territorial jurisdiction of the Northern District of Oklahoma. 28 U.S.C. § 116(a). The Tenth Circuit has held that a petition under § 2241, challenging the execution of a sentence must be filed in the district where the prisoner is confined. *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996); *see also Haugh v. Booker*, 210 F.3d. 1147, 1149 (10th Cir. 2000). Petitioner was confined in the Northern District of Oklahoma at the time he filed this petition, and therefore this Court lacks jurisdiction to consider the petition.

Where, as in this case, a civil action is filed in the wrong court, the defect may be cured by transferring the action if such transfer is in the interest of justice. 28 U.S.C. § 1631; *Haugh*, 210 F.3d at 1150. In this case, the undersigned has taken "a peek at the merits" of the petition and for the following reasons finds that the interest of justice would not be served by transferring the case. *Id.* Petitioner admits that he has not exhausted his state court remedies as provided by Okla. Stat. tit. 57, § 564.1. Petition at 3. Although he argues that such exhaustion would be futile, Petitioner states that he has (within 30 days of filing the instant action) filed an Application for Judicial Review (a copy of which is attached to the

petition) in the District Court of Oklahoma County pursuant to § 564.1, which application apparently remains pending. Petition at 1. Given the status of Petitioner's attempt to exhaust his state court remedies, the undersigned finds that justice would be better served by dismissing the petition without prejudice to refiling in the proper court after resolution of Petitioner's state court action.

For these reasons, it the recommendation of the undersigned that the petition (Doc. No. 1) be dismissed without prejudice to refiling in the Northern District of Oklahoma. Petitioner is advised that he may file an objection to this Report and Recommendation with the Clerk of the Court by the 22nd day of July, 2008. *See* LCvR 72.1. Petitioner is further advised that failure to make a timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge is this matter.

ENTERED this 2nd day of July, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE